WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Maurice Hunt,

          Plaintiff,

v.

B. Von Blanckensee,

          Defendant.

No. CV 19-00104-TUC-JGZ

**ORDER**

The record reflects that *pro se* Plaintiff Maurice Hunt failed to comply with this Court's rules to keep the Court informed of his current address. Therefore, the Court will dismiss this action.

On February 27, 2019, the same date that Hunt filed his Complaint, the Clerk of Court sent Hunt a Notice of Assignment warning him that he "must file a Notice of Change of Address if your address changes" and that failure to do so "will result in your document being STRICKEN and/or your case being DISMISSED." (Doc. 3, p. 2). The Court's Local Rules also require Hunt to keep the Court apprised of a change of address. *See* Rules of Practice of the U.S. District Court for the District of Arizona, LRCiv 83.3(d) (an unrepresented party who is incarcerated must submit a notice of change of address within seven (7) days after the effective date of the change). On July 2, 2019, Court mail sent to

Hunt at his address of record was returned as "undeliverable" and "unable to forward."[1] (Doc. 5.)

The Court will dismiss this action pursuant to Rule 41(b), Fed. R. Civ. P., based upon Hunt's failure to prosecute his case and to comply with the Court's rules. Hunt has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Hunt's failure to keep the Court informed of his current address constitutes a failure to prosecute as well as a failure to comply with LRCiv 83.3(d).

District courts have the inherent power to dismiss a case *sua* sponte for failure to prosecute. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id*. at 633. Additionally, "[f]ailure to follow a district court's local rules is a proper ground for dismissal," *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995).

The same test applies regardless whether dismissal is for failure to prosecute or failure to comply with the Court's rules. In determining whether dismissal is warranted, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ); *see also Ghazali*, 46 F.3d at 53 (same). "The first two of these factors favor the imposition of sanctions in most cases, while the

---

[1] The returned mail included the Court's June 17, 2019 Order granting Plaintiff 30-days' leave to file a first amended complaint and to either pay the required fees or file an application to proceed *in forma pauperis.* (Doc. 4.) The Order also directed the Clerk of Court to dismiss this action and to deny any pending unrelated motions as moot if Plaintiff failed to comply with the Order.

The Court notes that when Petitioner filed this action, he was incarcerated at the United States Penitentiary-Tucson in Arizona. As of the date of this Order, however, Petitioner is incarcerated at the United States Penitentiary-Coleman in Florida. *See* https://www.bop.gov/inmateloc/.

fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first three factors favor dismissal of this case as Hunt has made no effort to continue with this action. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Because the Court has no mailing address for Hunt, "[a]n order to show cause why dismissal [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey*, 856 F.2d at 1441. Only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits unless the court states otherwise in its dismissal order. Fed.R.Civ.P. 41(b). In the instant case, a dismissal with prejudice would be unnecessarily harsh given that this action can be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Therefore,

IT IS ORDERED that this action is dismissed without prejudice for failure to prosecute and for failure to comply with the Court's rules.

The Clerk of Court is directed to enter judgment accordingly and to close its file in this action.

Dated this 19th day of August, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge